MAYTAG CO., Respondent, v. DINNEEN, Appellant.

(152 N. W. 111.)

(File No. 3606.     Opinion filed April 15, 1915.     Rehearing denied June 19, 1915.)

**Sales—Order for Machinery—Action for Price—Agency Contract—Settlement by Consignor—Delivery of Settlement Papers as Condition Precedent to Settlement With Agent.**

A contract between a manufacturer and an implement dealer bound the latter to settlement by notes on receipt of machines, in default of which settlement the account should immediately become payable in cash, title to all machines and proceeds to remain in manufacturer. Prior to making the contract an order for a machine had been taken, which was turned over to the agent, whereupon the latter sent a written order to manufacturer for shipment of a machine to signer of the order, to make

settlement with him according to the terms of the original order and to turn over to the agent the settlement papers. The manufacturer delivered the machine and received therefor notes secured by chattel mortgage, which it refused to deliver to the agent until he should deliver to it his own note in settlement under the agency contract. **Held,** that, as, under the agency contract, the manufacturer could not demand settlement notes from the agent for the machine before shipping to him, such contract did not contemplate settlement until receipt of machine; that the manufacturer could ship such machine to the agent under the agency contract, and when it elected to ship to the signer of the order, and itself make settlement, it was bound to comply with the terms of the order given by the agent, under which it was acting, and it was incumbent upon it to tender the settlement papers so taken before demanding settlement from the agent, or suing for value of the machine.

Polley, J., dissenting.

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Action by the Maytag Co., a corporation, against S. D. Dinneen to recover the value of a self-feeder. From a judgment for plaintiff on directed verdict, and from an order denying a new trial, defendant appeals. Reversed.

*A. W. Wilmarth,* for Appellant.

*Gardner & Churchill,* for Respondent.

Appellant cited: Hawley, Dodd & Co. v. Kenyon, 1st Wash. Ter. 609; Girard v. Taggart, 5 S. & R. 1933 (Pa.); Pittsburg Ry. Co. v. Aeck, 50 Ind. 303, 19 Am. Rep. 713; Bank v. Armstrong, 25 Minn. 533; Thresher Company v. Mehloff, 23 S. D. 476.

Respondent cited: International Harvester Co. v. Pott, (S. D.) 142 N. W. 652; Manganese Steel Safe Co. v. Bank of Leola, 25 S. D. 119; Dowagiac Manufacturing Co. v. Mahon, (N. D.) 101 N. W. 903; Port Huron Co. v. Hurto, (Iowa) 135 N. W. 31; White v. Solomon, (Mass.) 42 N. E. 104; Thresher Co. v. Mehlhoff, 23 S. D. 476.

WHITING, J. This action was brought to recover the value of a certain self-feeder. At the close of the trial a verdict was directed for plaintiff, and, from a judgment entered thereon and an order denying a new trial, defendant appealed. The facts are as follows: Respondent, located at Newton, Iowa, is a manu-

facturer of threshing machine feeders. In the month of January, 1910, one of its traveling agents took an order for one of said feeders from one Eubank, of Iroquois, S. D. In March following respondent, through such agent, entered into a contract in writing with appellant, an implement dealer at Huron, S. D., whereby he contracted to handle its machines in certain specified territory, including Huron and Iroquois. By such contract appellant agreed that he would settle for all machines upon receipt thereof, such settlement to be by notes payable on or before the 1st day of the following November; that, in case of failure to make such settlement, the account should become due and payable at once in cash; and that title to all machines furnished by respondent and the ownership of the proceeds of same should be, and remain, in respondent, and be subject to its orders and right of possession until payment for same. At the time of making this contract the Eubank order was turned over to appellant. Appellant immediately sent to respondent a written order directing it to ship a feeder to Eubank, to make settlement with Eubank according to the terms of the Eubank order, and to turn over to appellant the papers taken in settlement for such feeder. Respondent delivered a feeder to Eubank, and received from him two notes secured by a chattel mortgage. These notes and the chattel mortgage constitute the "settlement" referred to in appellant's order of shipment and which he directed respondent to turn over to him; they also constitute the proceeds of the sale mentioned in the contract of agency. Respondent neither turned over to appellant nor tendered to him the Eubank notes and mortgage, but wrote him that, upon receipt of his note in settlement for the Eubank feeder, it would mail to him the Eubank paper. Appellant did not make such settlement, and respondent never turned over to or tendered to him the Eubank notes and mortgage, but, after waiting several months, demanded payment for the Eubank feeder. Appellant refused to make such payment basing such refusal upon respondent's failure to turn over to him the Eubank notes and mortgage. This action was afterwards brought to recover the contract price of the Eubank feeder.

In directing a verdict for respondent the trial court must have considered that respondent was under no obligation to turn

over or tender to appellant the Eubank notes as a condition precedent to its right to receive settlement from appellant. In this the trial court was clearly in error. Under the agency contract any sale to appellant was a conditional sale; but it could hardly be contended with any show of reason that, under the agency contract, respondent would have had a right to have demanded settlement notes for a feeder before shipping same to appellant, as such contract did not contemplate that appellant should make settlement for a machine until receipt of same, at which time he could then settle either by cash or by note as he might elect. Under the written order sent to it by appellant, respondent shipped the Eubank machine direct to, and itself made settlement with, Eubank. Respondent had the right to ship such machine to appellant in accordance with the terms of the agency contract, and, when it elected to ship the same direct to Eubank, and itself make settlement with Eubank, it was bound to comply with the terms of the order given it by appellant and under which it was acting; it was therefore incumbent upon it to at least tender the Eubank settlement papers to appellant before demanding a settlment from appellant; it could no more require settlement by appellant before delivery or tender of the Eubank papers than it could require such a settlement, under the agency contract, before delivery or tender of a machine to defendant. For respondent to retain possession of these Eubank notes while demanding that appellant give his notes was a condition peculiarly inconsistent with the provisions of the special directions controlling the Eubank transaction.

The judgment and order appealed from are reversed.

POLLEY, J. (dissenting). I am not able to concur in the majority opinion in this case. In directing the verdict for the respondent I think there is no doubt, as is said in the majority opinion that:

"The trial court must have considered that respondent was under no obligation to turn over to or tender to appellant the Eubank notes as a condition precedent to its right to receive settlement from appellant."

Neither do I think there is any doubt that the trial court adopted the correct theory of the case.

The agency contract between appellant and respondent contains the following provision:

" 'In consideration of the premises the second party agrees to settle for all machines upon receiving the same, by executing notes to the first party due on or before the 1st day of November, A. D. 1910, drawing 8 per cent. interest from the 1st day of November, A. D. 1910. * * * Failing to make such settlement by note, the second party agrees that the account shall become due and payable at once in cash; that title to all goods which may be furnished by the first party under this contract, and the ownership of the proceeds of said goods in cases of sale by the second party shall be and remain in the first party and subject to its orders and right of possession until said payments shall have been made by the second party to the first party for said goods; but nothing in this clause shall release second party from his obligation to make payments as above stipulated.' "

But the machine involved in this case had been sold, and was shipped under a contract between Eubank and respondent, whereby the machine was to be shipped by respondent directly to Eubank, at Iroquois, and, on receipt thereof, Eubank was to settle for same by paying cash or by giving two negotiable notes, payable in October, 1910 and 1911, respectively. These notes, aggregating $325, were given by Eubank and secured by a chattel mortgage. When this was done, title to the machine vested absolutely in Eubank and, the provision in the agency contract relating to the receipt of the machine by appellant and the clause providing that title to all goods shipped under the contract should remain in respondent until paid for have no application whatever to the transaction involved in this case, and there is no reason whatever why the conditional sale feature of the agency contract should be mentioned or referred to in the opinion of the court. Under the terms of the contract, respondent was to assign and turn over to appellant the proceeds of the sale—the Eubank notes and mortgage—upon the receipt by respondent of appellant's note. This respondent appears to have been ready and willing to do, and wrote appellant that it would forward the Eubank notes and mortgage to him as soon as he sent on his own note. This appellant never did, though he was to have a

commission of $100, and was required to give his note for only $225; and, under the terms of the contract, he became liable for the value of the machine.

The sale of this machine was made before appellant became agent for respondent, but the sale was made in his territory and was turned over to him in order that he might get the commission on the sale. His commission was to amount to $100, and he was to receive Eubank's notes, amounting to $325, secured by a chattel mortgage in exchange for his own note for $225. If the amount represented by the Eubank notes was lost, as alleged in appellant's answer, the loss was brought about wholly by his failue to deliver his note to respondent, take over the assignment of the Eubank note and mortgage, and collect the same when they became due.